UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALON PHOENIX COSMETOLOGY LLC and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUPON, INC.,<br><br>Defendant. | Case No. 1:22-cv-07162<br><br>Hon. Lindsay C. Jenkins |

## ORDER GRANTING
## PRELIMINARY SETTLEMENT APPROVAL

WHEREAS, an action is pending before this Court styled *Salon Phoenix Cosmetology LLC. et al. v. Groupon, Inc.*, No. 1:22-cv-07162 (the "Action");

WHEREAS, Named Plaintiffs Salon Phoenix Cosmetology LLC and Salon Hairroin, Inc. (collectively, "Named Plaintiffs") having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Action, in accordance with a Settlement Agreement with Groupon, Inc. ("Defendant"), which Settlement Agreement sets forth the terms and conditions for a settlement of the Action and for dismissal of the Action against Defendant with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement, and Plaintiffs' Motion for Preliminary Settlement Approval and supporting papers thereto; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on November 16, 2023, at 10:00 AM, in-person at Courtroom 2119 at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604 to determine: (a) whether the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal as provided for in the Settlement Agreement should be entered; (c) whether the Court should certify the Settlement Class pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure; (d) whether Plaintiffs' Class Counsel ("Class Counsel") are entitled to attorneys' fees and reimbursement of costs and expenses and, if so, in what amount; (e) whether Named Plaintiffs are entitled to service awards and, if so, in what amount; and (f) such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for purposes of effectuating the Settlement Agreement, a Settlement Class defined as follows:

> All commercial entities for whom Groupon has ever created a Business Landing Page and all commercial entities that have ever offered deals through Groupon for whom Groupon maintained a Deal Page on its website after the expiration of such deal. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

4. The Court preliminarily finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2) have been satisfied, as follows: (a) the members of the Settlement Class are so

numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) final injunctive relief is appropriate.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement Agreement only, Named Plaintiffs are preliminarily certified as class representatives for the Settlement Class, and Raphael Janove of Pollock Cohen LLP is appointed Class Counsel.

6. If, for any reason, Final Approval and Entry of Final Judgment, as defined in Section 3(e) of the Settlement Agreement, does not occur, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain its rights to seek or object to certification of this litigation as a class action under Rule 23, or under any state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation.

7. Pursuant to the Settlement Agreement, within ten (10) days after Class Counsel files with the Court the motion papers seeking preliminary approval of the Settlement Agreement, Defendant shall provide notice of the Settlement Agreement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

8. The Court approves, as to form and content, of the notice plan set forth in the Settlement Agreement, Exhibit A ("Notice"), which is also attached hereto as Exhibit 1, and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 9 of this

Order meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

9. The Court appoints Class Counsel to supervise and administer the dissemination of notice and to process the claims, which generally include the below elements and are set out in more detail in the Settlement Agreement:

(a) The website notifying individuals or entities about the Settlement will be live and accessible;

(b) The press release by Groupon will be disseminated; and

(c) The press release by Plaintiffs' counsel will be disseminated.

10. The Court sets the following deadlines:

| EVENT | SCHEDULE |
| --- | --- |
| Notice Date | **August 21, 2023** (10 business days after the filing of the Preliminary Approval Motion or as otherwise set forth in the Court's Preliminary Approval Order) |
| Plaintiffs' Petition for Award of Class Counsel Fees and Expenses filed | **September 20, 2023** (No later than 15 calendar days before the Objection Deadline) |
| Objection Deadline | **October 5, 2023** (45 calendar days after the Notice Date or as otherwise set forth in the Court's Preliminary Approval Order) |
| Defendant makes payment of Class Counsel fees | The later of 14 calendar days after approval of Plaintiffs' Petition or 14 calendar days after the Effective Date |
| Motion for Final Approval | **October 12, 2023** (Not less than 35 calendar days prior to the Final Approval Hearing) |
| Final Approval Hearing | **November 16, 2023** |
| Plaintiffs seek Final Judgment | No later than 2 business days after Court fully and finally approves Settlement Agreement |

4

11. Individuals or entities within the Settlement Class who wish to object to the Settlement must mail a written statement of objection ("Notice of Objection") to Class Counsel no later than the Objection Deadline.

12. The postmark date of the mailing shall be deemed the exclusive means for determining that a Notice of Objection is timely. The Notice of Objection must identify the objector's full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Parties' Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Class Counsel shall promptly forward to Defendant's counsel complete copies of all objections received, including the postmark dates for each objection.

13. Any objector may also appear at the Final Approval Hearing, in person, or virtually if available and authorized by the Court, or through an attorney retained at his or her own expense, but such appearance shall not be a prerequisite to the Court's consideration of any timely filed objection.

14. Objectors that fail to properly or timely file their objections, along with the required information and documentation, or to serve them as required, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

15. Class Counsel will file a Motion for Approval of Class Counsel Fees and Service Awards no later than fifteen (15) days before the Objection Deadline. Plaintiffs shall submit a Motion for Final Approval of the Settlement by the Court not less than thirty-five (35) calendar

days prior to the date set by the Court to consider whether this Settlement should be finally approved.

16. All reasonable expenses incurred in identifying and notifying potential Settlement Class Members shall be paid as set forth in the Settlement Agreement.

17. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

18. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement Agreement or comply with the terms thereof. Pending final determination of whether the Settlement Agreement should be approved, neither Named Plaintiffs, nor any Settlement Class Member, either directly, by representation, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims.

19. If: (a) any specified condition to the Settlement Agreement is not satisfied and the Settlement is terminated as provided in the Settlement Agreement; or (b) for whatever reason, the Settlement does not receive Final Approval or is otherwise rescinded, then the Settlement Agreement, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement. Further, the Settling Parties' stipulation to class certification as part of the Settlement

shall become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy.

IT IS SO ORDERED.

ENTER: 22-7162
DATED: 8/9/2023

_____
Hon. Lindsay C. Jenkins
United States District Judge