SALON PHOENIX COSMETOLOGY LLC )
and SALON HAIRROIN, INC., on behalf of )
themselves and all others similarly situated, )     Case No. 1:22-cv-07162
                                               )
                    Plaintiffs,                )     Hon. Lindsay C. Jenkins
                                               )
v.                                             )
                                               )
GROUPON, INC.,                                 )
                                               )
                    Defendant.                 )
                                               )

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR UNOPPOSED MOTION FOR**
**<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................... 1

II.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ........................... 2

    A.    Plaintiffs' Factual Allegations and Claims ........................................... 2

    B.    Fact Discovery ............................................................................. 3

    C.    Settlement .................................................................................. 3

    D.    Principal Terms of the Settlement..................................................... 4

        1.    Settlement Class Definition ................................................... 4

        2.    Settlement Consideration ...................................................... 4

        3.    Release of Liability ............................................................. 5

        4.    Notice Plan....................................................................... 5

        5.    Class Counsel Fees and Expenses and Service Awards ............ 6

III.    ARGUMENT ....................................................................................... 6

    A.    The Court Should Finally Approve the Settlement as Fair, Reasonable, and Adequate ................................................................................... 6

        1.    The strength of Plaintiffs' case compared to the amount of the Settlement favors final approval ..................................... 8

        2.    An assessment of the likely complexity, length, and expense of continued litigation favors approval of the Settlement................................................................. 9

        3.    The lack of opposition and reaction of the class to the Settlement favors final approval ....................................... 10

        4.    The stage of the proceedings and the amount of discovery completed at the time of Settlement, as well as the opinion of competent counsel, favor final approval ........................ 10

    B.    The Court Should Certify the Settlement Class ................................... 11

        1.    Numerosity under Rule 23(a)(1)........................................... 11

        2.    Commonality under Rule 23(a)(2).......................................... 12

        3.    Typicality under Rule 23(a)(3) .............................................. 12

4. Adequacy of Representation under Rule 23(a)(4) .................................... 13

5. The Settlement Class Is Readily Ascertainable ........................................ 14

6. The Settlement Class Satisfies the Requirements of Rule 23(b)(2).......... 14

IV. CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Van Kampen Funds, Inc.*,
  2002 WL 1989401 (N.D. Ill. Aug. 27, 2002) ........................ 12

*Am. Council of Blind of Metro. Chicago v. City of Chicago*,
  589 F. Supp. 3d 904 (N.D. Ill. 2022) ........................ 14

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................ 13

*Holtzman v. Turza*,
  2009 WL 3334909 (N.D. Ill. Oct. 14, 2009) ........................ 13

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
  270 F.R.D. 330 (N.D. Ill. 2010) ........................ 8, 10, 11

*In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*,
  2017 WL 1735578 (N.D. Ind. Apr. 28, 2017) ........................ 9

*In re Hartmarx Sec. Litig.*,
  2002 WL 31103491(N.D. Ill. Sept. 19, 2002) ........................ 12

*In re Mexico Money Transfer Litig.*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000) ........................ 11

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*,
  2016 WL 3854603 (N.D. Ill. July 15, 2016) ........................ 7, 8

*In re Northfield Lab'ys, Inc. Sec. Litig.*,
  2012 WL 366852 (N.D. Ill. Jan. 31, 2012) ........................ 7

*In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*,
  2016 WL 772785 (N.D. Ill. Feb. 29, 2016) ........................ 7

*In re TikTok, Inc.*,
  565 F. Supp. 3d 1076 (N.D. Ill. 2021) ........................ 8, 13

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ........................ 6, 7, 8, 9

*Lacy v. Cook County*,
  897 F.3d 847 (7th Cir. 2018) ........................ 13

*Oshana v. Coca–Cola Bottling Co.*,
  472 F.3d 506 (7th Cir. 2006) ........................ 14

*Retired Chi. Police Ass'n v. City of Chi.*,
  7 F.3d 584 (7th Cir. 1993) ........................ 13

*Schulte v. Fifth Third Bank*,
  805 F. Supp. 2d 560 (N.D. Ill. 2011) ........................ 10

*Smith v. City of Chicago*,
  340 F.R.D. 262 (N.D. Ill. 2021) ........................ 15

*Snyder v. Ocwen Loan Servicing, LLC,*
2019 WL 2103379 (N.D. Ill. May 14, 2019) ......................................................... 6

*Sykes v. Harris,*
2016 WL 3030156 (S.D.N.Y. May 24, 2016) ....................................................... 10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006) ................................................................................ 8

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011) ......................................................................................... 12

*Wong v. Accretive Health, Inc.,*
773 F.3d 859 (7th Cir. 2014) ................................................................................ 7

*Wright v. Nationstar Mortgage LLC,*
2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ....................................................... 11

**Treatises**

*Manual for Complex Litigation*, (4th Ed.) § 21.632 *et seq.* ........................................ 7

**Statutes and Rules**

15 U.S.C. § 1125 *et seq.*........................................................................................... *passim*

## I.  INTRODUCTION

Plaintiffs Salon Phoenix Cosmetology LLC and Salon Hairroin, Inc. ("Plaintiffs" or "Class Representatives"), individually and as representatives of the proposed Settlement Class (defined below[1]) (the "Class" or "Settlement Class"), respectfully submit this memorandum in support of their unopposed motion for final approval of the Settlement Agreement between Plaintiffs and Defendant Groupon, Inc. ("Defendant"). This motion is unopposed. The parties also note that no further briefing is required.

The Court granted preliminary approval and authorized notice to the Settlement Class Members on August 9, 2023. Since that time, the Groupon Settlement Webpage has gone live, www.groupon.com/landing/settlement-agreement. Both the press release by Groupon and the press release by Class Counsel were published on August 21, 2023, and Crain's Chicago Business covered the settlement. John Pletz, *Groupon Settles Class-Action Suit to Let Businesses Gain Control Over Web Pages*, CRAIN'S CHI. BUS. (Aug. 22, 2023).[2] To date, there have been no objections.

As previously explained in Plaintiffs' brief seeking preliminary approval of Settlement, upon final approval, the Settlement Agreement will require Groupon to make meaningful changes to its business practices to protect the Class's rights and interests, benefitting more than 2.5 million businesses. Importantly, the Settlement Agreement does not release claims for monetary relief or money damages, including equitable disgorgement.

Plaintiffs and Defendant reached this Settlement Agreement following arm's-length negotiations which spanned four months and involved the exchange of discovery in connection

---

[1] Unless otherwise defined in this memorandum, capitalized terms have the same meaning here as they do in the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Raphael Janove in Support of Plaintiffs' Motion for Preliminary Approval of Settlement. ECF No. 32–3, Settlement Agreement ("SA") ¶ 3.

[2] https://chicagobusiness.com/technology/groupon-settles-class-action-lawsuit-over-unauthorized-pages.

with those settlement negotiations. Plaintiffs enter into the Settlement Agreement fully informed of the strengths, weaknesses, and risks of the case and of litigation, following Plaintiffs' review of documents provided by Defendant, as well as Plaintiffs' own extensive pre-complaint investigation as reflected in the Class Action Complaint.

The Settlement is a win for the Class and should be finally approved under established Seventh Circuit law. Plaintiffs therefore respectfully request that the Court enter the proposed Final Approval Order and Judgment submitted herewith.

## II.     SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The relevant facts and procedural background have not changed since this Court gave preliminary approval of the Settlement, ECF No. 34, and Plaintiffs submitted their motion for approval of Class Counsel fees, reimbursement of expenses, and service awards, ECF No. 36.

### A.     Plaintiffs' Factual Allegations and Claims

Groupon, Inc. operates an online marketplace, known as Groupon, on which third-party merchants advertise and sell discounted goods and services. ECF No. 1, Class Action Complaint ("Compl.") at 6. Plaintiffs allege that Groupon listed them on its website without their consent in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, and other state unfair competition and consumer protection laws. In particular, Plaintiffs contend that Groupon (1) created Business Landing Pages for businesses without their consent or approval, and (2) maintained Deal Pages for businesses that offered deals through Groupon after the expiration of such deals. ECF No. 32–1, Plaintiffs' Memorandum of Law in Support of Their Unopposed Motion for Preliminary Approval of Settlement at 2.

Plaintiffs sued to obtain relief for themselves and a class of similarly situated business owners, alleging that both the Business Landing Pages and expired Deal Pages violate the Lanham Act by (a) diverting web search traffic from the subject businesses' websites to Groupon's own

website; and (b) falsely affiliating the subject businesses with Groupon such that Groupon misappropriates their goodwill and reputation. Plaintiffs alleged violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1; the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1; the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1; the California Unfair Competition Law, Business & Professions Code, § 17200, *et seq.*, and the common law unfair competition. *Id.* at 4. Defendant denied the allegations. *Id.* at 3.

### B. Fact Discovery

Following the filing of the Complaint, Plaintiffs did not hesitate to quickly begin fact discovery. Beginning in February 2023 and continuing through May 2023, the Parties engaged in extensive settlement discussions, including nearly weekly calls between Plaintiffs' counsel and Defendant's counsel. As part of those discussions, Groupon produced documents and information about the potential claims and defenses. Plaintiffs also evaluated Groupon's production in consultation with MK Analytics, which they had retained in connection with their pre-complaint investigation. ECF No. 32–2, Declaration of Raphael Janove in Support of Plaintiffs' Motion for Preliminary Approval of Settlement ("Janove Prelim. Decl.") ¶ 19–21.

### C. Settlement

The Parties engaged in settlement discussions that spanned four months. Janove Prelim. Decl. ¶ 21. This included numerous rounds of negotiations between the Parties, corresponding nearly every week, and the analysis of documents produced by Defendant in discovery for the purposes of the settlement. *Id.* The Parties executed their Settlement Agreement on July 26, 2023. ECF No. 32–3.

### D.     Principal Terms of the Settlement

#### 1.     Settlement Class Definition

The Settlement Class that was preliminarily approved by the Court on August 9, 2023, consists of all commercial entities for whom Groupon has ever created a Business Landing Page and all commercial entities that have ever offered deals through Groupon for whom Groupon maintained a Deal Page on its website after the expiration of such deal. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff. SA ¶ 1(w).

#### 2.     Settlement Consideration

The parties have already described the settlement consideration in detail, ECF No. 32-3 at 14–16, and a summary is also available on the Groupon Settlement Webpage, [www.groupon.com/landing/settlement-agreement](www.groupon.com/landing/settlement-agreement). For present purposes, therefore, Plaintiffs provide only a general overview of the terms. In sum, Settlement will allow over 2.5 million businesses the right to remove their listings from Groupon.com and otherwise have any business's expired Deal Pages de-indexed from search engines, including Google. In addition, Groupon is changing over 2.5 million pages to add disclaimer language that makes it clear that businesses listed on those webpages are not affiliated with Groupon, thus remedying the core harm alleged here—the likelihood of customer confusion as to Groupon's affiliation with the class members. *See* Compl. ¶¶ 90–98.

Further, in what is a significant benefit to class members, Groupon will agree to keep removed any Business Landing Page that a class member requests for removal during the Notice Period, even if this Court does not ultimately grant final approval of the Settlement. And in what is another significant benefit to class members, Groupon has already implemented a disclaimer of

affiliation appearing on Business Landing Pages for all Settlement Class Members who do not have a current or prior deal with Groupon. Declaration of Raphael Janove in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Janove Final Decl.") ¶ 6.[3] Importantly, the release provided in exchange for this relief is narrow: while the Settlement Agreement includes a release of injunctive claims, claims for equitable disgorgement and monetary damages are not released.

### 3. Release of Liability

In consideration of the Settlement benefits, Plaintiffs and the Class will release Groupon and affiliated entities from any and all injunctive claims related to any of the alleged conduct giving rise to this litigation. SA ¶ 4(a). This includes but is not limited to conduct related to: (1) the Lanham Act, 15 U.S.C. § 1125 *et seq*.; (2) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (3) common law or statutory unfair competition claims, whether such claims are. *Id*. However, the release explicitly excludes all claims for monetary relief or money damages, including equitable disgorgement. *Id*.

### 4. Notice Plan

The Court, in granting preliminary approval, approved the parties' proposed Notice Plan. ECF No. 34. The Groupon Settlement Webpage, [www.groupon.com/landing/settlement-agreement](www.groupon.com/landing/settlement-agreement), is live. Both the press release by Groupon and the press release by Class Counsel went live on August 21, 2023. ECF No. 36–2, Declaration of Raphael Janove in Support of Plaintiffs' Unopposed Motion for Approval of Class Counsel Fees, Reimbursement of Expenses, and Service Awards ("Janove Fees Decl.") ¶ 20. Additionally, Crain's Chicago Business covered the

---

[3] *See, e.g.*, https://www.groupon.com/biz/arlington-tx/enjoy-spa-and-nails.

settlement. John Pletz, *Groupon Settles Class-Action Suit to Let Businesses Gain Control Over Web Pages*, CRAIN'S CHI. BUS. (Aug. 22, 2023).

There have been no objectors. Janove Final Decl. ¶ 5.

### 5. Class Counsel Fees and Expenses and Service Awards

The Settlement Agreement provides that Groupon will separately pay the attorneys' fees and expenses of Class Counsel of up to $150,000, subject to the approval of the Court. SA ¶ 3(c)(i). The parties also agreed, subject to Court approval, to modest service awards of $3,000 to each of the Class Representatives. *Id*. On September 20, 2023, Class Counsel filed their motion for approval of attorney fees and service awards. ECF No. 36.

## III. ARGUMENT

### A. The Court Should Finally Approve the Settlement as Fair, Reasonable, and Adequate

Rule 23 requires that a class action settlement be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 WL 2103379, at *11 (N.D. Ill. May 14, 2019). As the Seventh Circuit recognizes, "federal courts look with great favor upon the voluntary resolution of litigation through settlement," and particularly in the class action context "there is an overriding public interest in favor of settlement." *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305 (7th Cir. 1980) (citations and quotations omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *see also Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation").

The Settlement Agreement here represents the culmination of four months of arm's-length negotiations between the parties. Conducting extensive legal research to develop a Lanham Act class action theory and analyzing documents produced by Defendant in discovery also gave Plaintiffs a thorough understanding of the strengths and weaknesses of their case.

Approval of a class action settlement is generally a three-step process. *Manual for Complex Litigation*, (4th Ed.) § 21.632-21.634; *see also In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 2016 WL 3854603, at *3 (N.D. Ill. July 15, 2016) ("NCAA"). The first step—scrutiny of the settlement and the consideration of objection to preliminary approval—and second step—dissemination of notice of the settlement to the Class—have occurred. The third step is a final fairness hearing. Fed. R. Civ. P. 23(e)(2); *also Manual for Complex Litigation*, § 21.633-34; *In re Northfield Lab'ys, Inc. Sec. Litig.*, No. 06 C 1493, 2012 WL 366852, at *5 (N.D. Ill. Jan. 31, 2012) ("the court holds a fairness hearing and considers, among other things, any objections filed by class members.").

As discussed below, the Settlement meets all the criteria for approval set out by the Seventh Circuit:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

*Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (*quoting Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)) (the "*Wong* factors"); *Isby*, 75 F.3d at 1199; *see also* Fed. R. Civ. P. 23(e)(2) (listing factors for final approval). In reviewing these factors, courts view the facts "in the light most favorable to the settlement." *Isby*, 75 F.3d at 1199. In addition, courts "should not substitute their own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel." *In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 772785, at *7 (N.D. Ill. Feb. 29, 2016) (citing *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 315 (7th Cir. 1980)).

## 1. The strength of Plaintiffs' case compared to the amount of the Settlement favors final approval

"[T]he 'most important factor relevant to the fairness of a class action settlement' is the first one listed: 'the strength of plaintiff's case on the merits balanced against the amount offered in the settlement.'" *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979)). Courts "do not focus on individual components of the settlements, but rather view them in their entirety in evaluating their fairness." *Isby*, 75 F.3d at 1199 (cleaned up). Because the "essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (quotations and citations omitted).

Although Plaintiffs and Class Counsel believed that there was a likelihood of surviving a motion to dismiss and certifying the claims, they recognized the potential risk posed by litigation, such as unfavorable decisions on any motions to dismiss, motions for class certification, motions for summary judgment/adjudication, and/or a lengthy and complex trial. *See In re TikTok, Inc.,* 565 F. Supp. 3d 1076, 1091 (N.D. Ill. 2021) ("Proceeding to trial likely would take years and entail extensive fact and expert discovery and motion practice.").

In addition, if Defendant prevailed on any of its defenses Class Representatives and the Settlement Class Members may not have received any substantial injunctive relief. Further, even if Plaintiffs prevailed at trial, the class members could be awaiting any kind of recovery for several years, if at all. Additionally, further issues may arise at the class certification stage requiring interlocutory appeals generating lengthy delays. *See NCAA*, 2016 WL 3854603, at *6 (noting that class litigation is "extremely complex, very costly, and sure to be protracted").

Despite these material risks, Plaintiffs achieved an excellent result for the Class. From the Settlement, as described above in Part II.D.2, more than 2.5 million businesses will benefit from being able to remove themselves from Groupon or no longer be associated with Groupon in internet searches. Moreover, while the Settlement Agreement includes a release of injunctive claims, claims for equitable disgorgement and monetary damages are not released. Therefore, this factor favors final approval.

### 2. An assessment of the likely complexity, length, and expense of continued litigation favors approval of the Settlement

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Newberg on Class Actions, § 11:50. This case is and would be costly. The continuation of the litigation "would require the resolution of many difficult and complex issues," would "entail considerable additional expense," and would "likely involve weeks, perhaps months, of trial time." *Isby*, 75 F.3d at 1199 (citations omitted).

As for the complexity of the litigation, this case represents a novel and relatively untested application of the Lanham Act and state unfair competition and consumer protection laws: applying these laws to online platforms acting as intermediaries providing information about and access to other businesses in a manner that lists those businesses without their consent. There have only been a few cases that are similar, in two of which Plaintiffs' counsel have already achieved preliminary class-settlement approval. Janove Prelim. Decl. ¶ 29. None of the other Lanham Act class actions involved a platform like Groupon and none have been resolved with as comprehensive injunctive relief. *See In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*, 2017 WL 1735578, at *3 (N.D. Ind. Apr. 28, 2017) (noting that the need to litigate "untested" legal theories and issues weighed in favor of settlement); *Sykes v. Harris,* 2016 WL 3030156, at *16

(S.D.N.Y. May 24, 2016) (noting "Class Counsel did not benefit from a previous, similar suit or from any similar government action or investigation" and "Defendants asserted numerous novel defenses to Lead Plaintiffs' claims").

Instead of facing the uncertainty of a potential judgment in their favor years from now, the Settlement allows Plaintiffs and Settlement Class Members to receive immediate and certain relief. *See, e.g., Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation.") (citation omitted). As a result, this factor weighs in favor of final approval.

### 3. The lack of opposition and reaction of the class to the Settlement favors final approval

To date, not one objection has been submitted. Janove Final Decl. ¶ 5. At the same time, Groupon has already de-indexed expired deal pages at class members' requests. Janove Fees Decl. ¶ 19. Thus, the third and fourth *Wong* factors support final approval.

### 4. The stage of the proceedings and the amount of discovery completed at the time of Settlement, as well as the opinion of competent counsel, favor final approval

The sixth *Wong* factor asks "how fully the district court and counsel [were] able to evaluate the merits of plaintiffs' claims" before reaching the settlement. *In re AT&T*, 270 F.R.D. at 350 (*quoting Armstrong*, 616 F.2d at 325). Here, Plaintiffs enter into the Settlement Agreement fully informed of the strengths, weaknesses, and risks of the case after months of settlement negotiation, including having analyzed documents produced by Defendants for the purposes of settlement in discovery—all of which were preceded by Class Representatives' extensive pre-complaint investigation. Janove Prelim. Decl. ¶¶ 17–21; *see In re AT&T*, 270 F.R.D. at 350 ("The lack of discovery prior to settlement…does not preclude a court from approving a settlement.").

Regarding the fifth *Wong* factor, "[c]ourts are entitled to rely heavily on the opinion of competent counsel." *In re AT&T*, 270 F.R.D. at 350 (*quoting Gautreaux*, 690 F.2d at 631). Here, both plaintiffs' counsel and defense counsel are experienced and competent attorneys; they have excellent reputations, especially in the context of class action and complex civil litigation. Janove Prelim. Decl. ¶¶ 6–12. Class Counsel has attested to their belief that the proposed settlement is fair, reasonable, and adequate. Janove Prelim. Decl. ¶ 27; *see also In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1020 (N.D. Ill. 2000) (placing "significant weight on the unanimously strong endorsement of these settlements" by "well-respected attorneys"). Class Counsel evaluated the claims at issue extensively and the Settlement Agreement is the result of arms-length negotiation carried out over four months. *See In re AT&T*, 270 F.R.D. at 350 ("there is no indication that the Proposed Settlement Agreement is the victim of collusion").

## B.     The Court Should Certify the Settlement Class

In addition to finally approving the Settlement, the Court should make final its provisional certification of the Settlement Class. ECF 35, ¶¶ 3–4. A class may be certified for settlement purposes where the proposed class satisfies the four requirements of Federal Rule of Civil Procedure 23(a) and one of the elements of Rule 23(b). *Wright v. Nationstar Mortgage LLC*, 2016 WL 4505169, at *3 (N.D. Ill. Aug. 29, 2016).

### 1.     Numerosity under Rule 23(a)(1)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Class consists of over 2.5 million businesses, comprising (a) those listed on the Biz pages of Groupon, https://www.groupon.com/biz/, ("Business Landing Pages") and (b) those that have not run an active Deal on Groupon within the last three years. Janove Prelim. Decl. ¶ 22. Numerosity is therefore satisfied.

## 2. Commonality under Rule 23(a)(2)

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Commonality "is not a demanding requirement," and is met here. *Abrams v. Van Kampen Funds, Inc.*, 2002 WL 1989401, at *3 (N.D. Ill. Aug. 27, 2002); *see In re Hartmarx Sec. Litig.*, 2002 WL 31103491, at *4 (N.D. Ill. Sept. 19, 2002) (finding commonality where actions allege "defendants [] engaged in standardized conduct towards members of the proposed class").

Here, the Settlement Class's claims stem from the same alleged conduct: (1) that Defendant created Business Landing Pages for members of the Settlement Class without their consent; and (2) that Defendant maintained Deal Pages on its website for members of the Settlement Class that offered deals through Groupon after the expiration of such deals. Janove Prelim. Decl. ¶ 23. Plaintiffs allege that, in doing so, Defendant violated the Lanham Act and other state consumer protection and unfair competition laws. Whether Defendant violated these laws by creating Business Landing Pages for Class Members without their consent and maintaining Deal Pages on its website for Class Members that offered deals through Groupon after the expiration of such deals are fundamental questions to the outcome of this case and show that the class claims share "a common contention" that will result in a common answer that will resolve the class claims in "one stroke." *See Dukes*, 131 S. Ct. at 2551.

## 3. Typicality under Rule 23(a)(3)

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has explained that a class representatives' claims are typical if they arise "from the same event or practice or

course of conduct that gives rise to the claims of other class members and [are] based on the same legal theory." *Lacy v. Cook County*, 897 F.3d 847, 866 (7th Cir. 2018).

Like the commonality requirement, Class Representatives satisfy the typicality requirement because they allege that they were harmed by the same course of events as all members of the Settlement Class—Defendant's creation of Business Landing Pages for Class Members without their consent and maintenance of Deal Pages on its website for Class Members that offered deals through Groupon after the expiration of such deals. Janove Prelim. Decl. ¶ 24; *see also Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 597 (7th Cir. 1993) ("the named representatives' claims have the same essential characteristics as the claims of the class at large.").

### 4. Adequacy of Representation under Rule 23(a)(4)

Rule 23(a)(3) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3). The adequacy requirement "has two components: (1) the representatives must not possess interests which are antagonistic to the interests of the class, and (2) the representatives' counsel must be qualified, experienced and generally able to conduct the proposed litigation." *In re TikTok,* 565 F. Supp. 3d at 1085 (quotations and citations omitted).

The Class Representatives are adequate because there are no "conflicts of interest between named parties and the class they seek to represent." *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The Class Representatives' interests are aligned with other class members' interests because they suffered the same injuries—loss of control over their goodwill and reputations, and customer confusion as a result of being listed on Groupon's Business Landing Pages without their express permission and, in addition, for Plaintiff Salon Hairroin, Inc., as a result of Groupon's maintaining an expired Deal Page. *See Holtzman v. Turza*, 2009 WL 3334909, at *5 (N.D. Ill. Oct. 14, 2009), *aff'd on other grounds*, 728 F.3d 682 (7th Cir. 2013) (noting that

adequacy is satisfied when the class representative has a "sufficient interest in the outcome to ensure vigorous advocacy").

Class Counsel are similarly adequate representatives of the Settlement Class and have the necessary qualifications and experience. Class Counsel have (1) extensive experience prosecuting class action and complex civil litigation and (2) no conflicts of interest with Plaintiffs or the Class. Janove Prelim. Decl. ¶¶ 6–12. Class Counsel has already been appointed class counsel in two similar Lanham Act class actions. Janove Prelim. Decl. ¶ 13; *see also Holtzman*, 2009 WL 3334909, at *5 (requiring that the class representative's lawyers be "qualified, experienced, and able to conduct the litigation").

### 5.    The Settlement Class Is Readily Ascertainable

The members of the class must be ascertainable, meaning that "the class is indeed identifiable as a class," "which is to say, it must be clearly defined based on objective criteria." *Oshana v. Coca–Cola Bottling Co.*, 472 F.3d 506 (7th Cir. 2006); *Am. Council of Blind of Metro. Chicago v. City of Chicago*, 589 F. Supp. 3d 904, 907 (N.D. Ill. 2022). Here, the class refers to a clearly defined group of businesses. The Settlement Class is limited to those businesses listed on Groupon's website, including businesses listed on the website with a URL extension of .biz. Janove Prelim. Decl. ¶ 26. The Settlement Class is accordingly ascertainable.

### 6.    The Settlement Class Satisfies the Requirements of Rule 23(b)(2)

To certify a settlement class, the Court must also find that at least one requirement of Rule 23(b) be met. Fed. R. Civ. P. 23(b). Here, Plaintiffs seek certification under Rule 23(b)(2). Under Rule 23(b)(2), "class certification is appropriate if 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Am. Council of Blind*, 589 F. Supp. 3d at 907 (quoting Fed. R. Civ. P. 23(b)(2)). These requirements are "unquestionably

satisfied" here, where the injunctive relief provided by the Settlement Agreement seeks to give "uniform injunctive…relief from policies or practices that are generally applicable to the class as a whole." *See Smith v. City of Chicago*, 340 F.R.D. 262, 291 (N.D. Ill. 2021). See Part II.D.2, above, for a summary of the injunctive relief.

## IV.	CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the Settlement and enter the Final Approval Order and Judgment.

Dated: October 11, 2023

Respectfully submitted,

*/s/ Raphael Janove*

Raphael Janove
George Krebs
Adam Pollock
POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
Rafi@PollockCohen.com
GKrebs@PollockCohen.com
Adam@PollockCohen.com

*Attorneys for Plaintiffs and the Proposed Classes*

Jacob S. Briskman
2504 N. California Ave
Chicago, IL 60647
(312) 945-6207
Jacob.Briskman@gmail.com

*Local Counsel for Plaintiffs*