**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SALON PHOENIX COSMETOLOGY LLC and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>GROUPON, INC.,<br><br>   Defendant. | Case No. 1:22-cv-07162<br><br>Hon. Lindsay C. Jenkins |

**FINAL APPROVAL ORDER AND JUDGMENT**

Salon Phoenix Cosmetology LLC and Salon Hairroin, Inc. (collectively, "Plaintiffs") and Groupon, Inc. ("Defendant") entered into a settlement agreement dated July 26, 2023, to fully and finally resolve the Settlement Class's claims. On August 7, 2023, Plaintiffs moved the Court for an order preliminarily approving the settlement agreement, approving the proposed notice plan, and scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e).

By order entered August 9, 2023 (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement, certified the Settlement Class solely for the purposes of settlement, and authorized Plaintiffs to disseminate notice of the Settlement, the Final Approval Hearing, and related matters. The Court scheduled a Final Approval Hearing for November 16, 2023. On August 20, 2023, Plaintiffs moved the Court for an order approving its attorneys' fees, reimbursement of expenses, and service awards.

Notice has been provided to potential members of the Settlement Class and the appropriate governmental entities under the Class Action Fairness Act pursuant to the Preliminary Approval Order. The Court held a hearing on the final approval of the Settlement on November 16, 2023.

The Court has considered the Settlement, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, the arguments presented at the Final Approval Hearing, and the entire record in this matter.

**AND NOW**, this 16 day of November, 2023, it is hereby **ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Action.

2. The terms capitalized in this Final Approval Order and Judgment ("Final Approval Order") and not otherwise defined differently herein have the same meaning as they have in the Settlement.

3. The Settlement was entered into by Plaintiffs and Defendant in good faith following an extensive investigation of the facts and discovery sufficient for experienced Plaintiffs' counsel to evaluate the matter. It resulted from vigorous arm's-length negotiations undertaken by counsel with significant experience litigating class actions.

4. The Court finds that the notice of the Settlement was provided in accordance with the Preliminary Approval Order and that such notice was adequate and in compliance with Fed. R. Civ. P. 23.

5. Final approval of the Settlement is hereby granted pursuant to Fed. R Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members. Unless directed otherwise, the parties shall effectuate the Settlement according to its terms. The Settlement is hereby deemed incorporated herein as if expressly set forth, and has the full force and effect of an order and judgment of this Court. In reaching this conclusion, the Court considered the: (a) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (b) the complexity, length, and expense of further litigation; (c) the amount of opposition to the settlement; (d) the reaction of members of the class to the settlement; (e) the opinion of competent counsel; and (f) stage of the proceedings and the amount of discovery completed.

6. The Settlement provides that Defendant will comply with certain injunctive relief measures requiring Groupon to make meaningful changes to its business practices. The timing of

such changes is triggered by the timing of approval of the Settlement and expiration of any time to appeal.

7. The Settlement Class conditionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for the sole purposes of the Settlement, and is comprised of all commercial entities for whom Groupon has ever created a Business Landing Page and all commercial entities that have ever offered deals through Groupon for whom Groupon maintained a Deal Page on its website after the expiration of such deal. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

8. The Action is dismissed in its entirety with prejudice and without fees and costs (except as provided for in the Settlement).

9. In avoidance of doubt, Groupon, Inc. and all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates, including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing (the "Releasees") shall be completely released, acquitted, and forever discharged from any and all manner of injunctive claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, and attorneys' fees (except for the Class Counsel Fees and Expenses referred to in Sections 1(d) and 3(c)(i) of the Settlement Agreement) that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have

against the Releasees, whether known or unknown, relating to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to: (a) Lanham Act, 15 U.S.C. § 1125 *et seq.*; (b) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (c) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory. The Released Claims also include, but are not limited to, all claims for injunctive relief asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action. The Released Claims explicitly exclude all claims for monetary relief or money damages, including equitable disgorgement.

10. Releasors have released all Released Claims, whether known or unknown. The Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar statutes or common law principles in other states. The Releasors have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

11. The Action is dismissed in its entirety with prejudice and without fees and costs (except as provided for in the Settlement).

12.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Defendant.

IT IS SO ORDERED.

Enter: 22-cv-7162
DATED:  11-16-2023

_____
Hon. Lindsay C. Jenkins
United States District Judge